B1 (Official Form 1) (04/13)

| UNITED STATES BANKRUPTCY COURT<br>District of Delaware | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Quicksilver Resources Inc. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>See attached Schedule 1. | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>75-2756163 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>801 Cherry Street, Suite 3700, Unit 19<br>Fort Worth, Texas<br>ZIP CODE 76102 | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Tarrant County, Texas | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☑ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other | ☐ Chapter 7     ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 9<br>☑ Chapter 11<br>☐ Chapter 12     ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding<br>☐ Chapter 13 |

| Chapter 15 Debtors | Tax-Exempt Entity<br>(Check box, if applicable.) | Nature of Debts<br>(Check one box.) |
|---|---|---|
| Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | ☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."     ☑ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br><br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

B1 (Official Form 1) (04/13)                                                                                                           Page 2

| **Voluntary Petition** *(This page must be completed and filed in every case.)* | **Name of Debtor(s):** Quicksilver Resources Inc. |
|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
|---|---|---|
| Location Where Filed: None | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
|---|---|---|
| Name of Debtor: See attached Schedule 2. | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)  ☑ Exhibit A is attached and made a part of this petition. | **Exhibit B** (To be completed if debtor is an individual whose debts are primarily consumer debts.)  I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).  X _____  Signature of Attorney for Debtor(s)        (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☑ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (04/13)

Page 3

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case.)* | Quicksilver Resources Inc. |

**Signatures**

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
    Signature of Debtor

X _____
    Signature of Joint Debtor

    Telephone Number (if not represented by attorney)

    Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
    (Signature of Foreign Representative)

    (Printed Name of Foreign Representative)

    Date

**Signature of Attorney\***

X *Paul N. ____* (signature)
    Signature of Attorney for Debtor(s)
    Paul N. Heath (DE 3704)
    Printed Name of Attorney for Debtor(s)
    Richards, Layton & Finger, P.A.
    Firm Name

    One Rodney Square
    920 North King Street, Wilmington, Delaware 19801
    Address
    (302) 651-7700
    Telephone Number
    03/17/2015
    Date

\*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____
    Signature

_____
Date

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X *(signature)*
    Signature of Authorized Individual
    Vanessa Gomez LaGatta
    Printed Name of Authorized Individual
    Senior Vice President – CFO and Treasurer
    Title of Authorized Individual
    03/17/2015
    Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

*[If debtor is required to file periodic reports (e.g. forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]*

# United States Bankruptcy Court
## District of Delaware

In re    **Quicksilver Resources Inc.**                                    Case No.   **Not yet assigned**
                                                   Debtor(s)               Chapter    **11**

# EXHIBIT "A" TO VOLUNTARY PETITION

1. The debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is **001-14837.**

2. The following financial data is the latest available information and refers to the debtor's condition on **December 31, 2014.**

   a. Total assets                                                         $              **1,214,302,000**

   b. Total debts (including debts listed in 2.c., below)                  $              **2,352,173,000**

   c. Debt securities held by more than 500 holders:

| Secured/ Unsecured/ Subordinated | CUSIP | Description | Amount Outstanding | Interest Rate | Maturity Date | Approximate number of holders |
|---|---|---|---|---|---|---|
| Subordinated | 74837RAC8 | Senior Subordinated Notes | $350,000,000 | 7.125% | 1 Apr 2016 | Unknown |
| Unsecured | 74837RAK0 | 2021 Senior Notes | $325,000,000 | 11% | 1 Jul 2021 | Unknown |
| Unsecured | 74837RAG9 | 2019 Senior Notes | $298,000,000 | 9.125% | 15 Aug 2019 | Unknown |
| Secured | U7486PAA7 & 74837RAH7 | Second Lien Notes due 2019 | $200,000,000 | Floating | 21 Jun 2019 | Unknown |

                                                                                        Approximate number of holders:

   d. Number of shares of preferred stock                                       **0**                          **0**

   e. Number of shares common stock                                      **180,358,622**                  **Unknown**

      Comments, if any:

3. Brief description of Debtor's business:
   **An independent natural gas and oil company engaged in the acquisition, exploration, development and production of onshore oil and natural gas in North America**.

4. List the name of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
   **To the best of the Debtors' knowledge and belief, based on publicly filed disclosures, the following individuals and entities, either individually or collectively, directly or indirectly own, control, or hold 5% or more of the voting securities of the Debtor: Quicksilver Energy L.P., Thomas F. Darden, Pennsylvania Management, LLC, Glenn Darden, Anne Darden Self and Mount Kellett Capital Management LP.**

**QUICKSILVER RESOURCES INC.**

**<u>Schedule 1</u>**

This debtor has used the following other names during the last 8 years, including trade names:

- Wellflex Energy Solutions

## Schedule 2 to the Voluntary Petition

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. Contemporaneously with the filing of their petitions, these entities filed a motion requesting that the Court administratively consolidate for procedural purposes only and jointly administer their chapter 11 cases.

Barnett Shale Operating LLC
801 Cherry Street, Suite 3700, Unit 19, Fort Worth, TX 76102

Cowtown Drilling, Inc.
801 Cherry Street, Suite 3700, Unit 19, Fort Worth, TX 76102

Cowtown Gas Processing L.P.
801 Cherry Street, Suite 3700, Unit 19, Fort Worth, TX 76102

Cowtown Pipeline Funding, Inc.
801 Cherry Street, Suite 3700, Unit 19, Fort Worth, TX 76102

Cowtown Pipeline L.P.
801 Cherry Street, Suite 3700, Unit 19, Fort Worth, TX 76102

Cowtown Pipeline Management, Inc.
801 Cherry Street, Suite 3700, Unit 19, Fort Worth, TX 76102

Makarios Resources International Holdings LLC
801 Cherry Street, Suite 3700, Unit 19, Fort Worth, TX 76102

Makarios Resources International Inc.
801 Cherry Street, Suite 3700, Unit 19, Fort Worth, TX 76102

QPP Holdings LLC
801 Cherry Street, Suite 3700, Unit 19, Fort Worth, TX 76102

QPP Parent LLC
801 Cherry Street, Suite 3700, Unit 19, Fort Worth, TX 76102

Quicksilver Production Partners GP LLC
801 Cherry Street, Suite 3700, Unit 19, Fort Worth, TX 76102

Quicksilver Production Partners LP
801 Cherry Street, Suite 3700, Unit 19, Fort Worth, TX 76102

Silver Stream Pipeline Company LLC
801 Cherry Street, Suite 3700, Unit 19, Fort Worth, TX 76102

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) |
|  | ) Chapter 11 |
| Quicksilver Resources Inc., | ) |
|  | ) Case No. 15-_____ (   ) |
| Debtor. | ) |
|  | ) Tax I.D. No. 75-2756163 |
|  | ) |

## CONSOLIDATED LIST OF CREDITORS
## HOLDING 30 LARGEST UNSECURED CLAIMS

The following is a list of creditors holding the thirty largest unsecured claims against the above-captioned debtor and certain of its debtor affiliates (collectively, the "Debtors"), all of which have commenced chapter 11 cases in this Court. The list has been prepared from the unaudited books and records of the Debtors. The list is prepared on a consolidated basis in accordance with Fed. R. Bankr. P. 1007(d) for filing in the Debtors' Chapter 11 cases. The list does not include (i) persons that come within the definition of "insider" set forth in 11 U.S.C. § 101(31) or (ii) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the thirty largest unsecured claims. The information contained herein shall not constitute an admission of liability by, nor is it binding on, the Debtors. Moreover, nothing herein shall affect the Debtors' right to challenge the amount or characterization of any claim at a later date. The failure to list a claim as contingent, unliquidated or disputed does not constitute a waiver of the Debtors' right to contest the validity, priority and/or amount of any such claim.

|  | Name of Creditor | Complete mailing address, and employee, agents, or department familiar with claim | Nature of Claim (Trade Debt, bank loan, government contract, etc.) | Indicate if Claim is Contingent, Disputed, Unliquidated or subject to setoff | Amount of Claim |
|---|---|---|---|---|---|
| 1 | Wilmington Trust National Association | Peter Finkel 50 South Sixth Street, Ste 1290 Minneapolis, MN 55402 Fax: 612-217-5651 PFinkel@WilmingtonTrust.com | 7 1/8% Senior Subordinated Notes due 2016 |  | $361,568,229 |
| 2 | Delaware Trust Company | Sandra Horwitz and Bill Popeo 2711 Centerville Road, Ste 400 Wilmington, DE 19808 Fax: 302-636-8666 bpopeo@delawaretrust.com shorwitz@delawaretrust.com | 11.000% Senior Notes due 2021 |  | $332,646,528 |

| | Name of Creditor | Complete mailing address, and employee, agents, or department familiar with claim | Nature of Claim (Trade Debt, bank loan, government contract, etc.) | Indicate if Claim is Contingent, Disputed, Unliquidated or subject to setoff | Amount of Claim |
|---|---|---|---|---|---|
| 3 | U.S. Bank National Association | James McGinley and Sandra Spivey 2300 W. Sahara, Ste 200 Nevada Financial Center Las Vegas, NV 89102 Fax: 702-251-1660 sandra.spivey@usbank.com; james.mcginley@usbank.com | 9 1/8% Senior Notes due 2019 | | $312,729,271 |
| 4 | Oasis Pipeline LP | Roy Patton P.O. Box 951439 Dallas, TX 75395-1439 Fax: 281-260-5642 Tel: 210-403-7300 | Trade | Contingent | $1,333,357 |
| 5 | Energy Transfer Fuel LP | Roy Patton P.O. Box 951439 Dallas TX 75395-1439 Fax: 281-260-5642 Tel: 210-403-7300 | Trade | Contingent | $1,032,767 |
| 6 | Pinnergy Ltd | Randy Taylor, President & CEO 111 Congress Ste 2020 Austin, TX 78701 Fax: 512-343-8885 Tel: 817-389-2105 | Trade | Contingent | $970,623 |
| 7 | Trunkline Gas Company LLC | Shelly Corman P.O. Box 201203 Houston, TX 77216-1203 Tel: 713-989-2410 Fax: 713-989-1177 | Trade | Contingent | $623,266 |
| 8 | Targa Liquids Marketing and Trade | Hunter Battle P.O. Box 730155 Dallas, TX 75373-0155 Tel: 713-584-1443 Fax: 713-554-1110 | Trade | Contingent | $380,480 |
| 9 | Baker Hughes Business Support | John Wayne Faul P.O. Box 301057 Dallas, TX 75303-1057 Tel: 682-233-9898 Fax: 713-439-8699 | Trade | | $281,229 |
| 10 | Midcontinent Express Pipeline LLC | Andy Edling 500 Dallas St Ste 1000 Houston, TX 77002 Tel: 713-495-2861 Fax: 713-369-9365 | Trade | Contingent | $241,123 |
| 11 | Enlink North Texas | Mike Burdett P.O. Box 306 Eastlake, CO 80614 Tel: 303-450-1067 | Trade | Contingent | $148,781 |
| 12 | West Texas LPG Pipeline Ltd Partnership | Sherlyn Schumack 4800 Fournace Place Bellaire, TX 77401 Tel: 713-432-2871 Fax: 866-999-5604 sherlyn.schumack@oneok.com | Trade | Contingent | $147,871 |

| | Name of Creditor | Complete mailing address, and employee, agents, or department familiar with claim | Nature of Claim (Trade Debt, bank loan, government contract, etc.) | Indicate if Claim is Contingent, Disputed, Unliquidated or subject to setoff | Amount of Claim |
|---|---|---|---|---|---|
| 13 | Houston Pipe Line Company LP | Roy Patton<br>P.O. Box 951439<br>Dallas, TX 75395-1439<br>Tel: 210-403-7363 | Trade | Contingent | $130,116 |
| 14 | Enlink North Texas Pipeline LP | Mike Burdett<br>P.O. Box 202941<br>Dallas, TX 75320-2941<br>Tel: 214-953-9548<br>Fax: 214-953-9501 | Trade | Contingent | $98,204 |
| 15 | Corpro Inc. | Steven Bergeron, Principal<br>14103 Interdrive West<br>Houston, TX 77032<br>Tel: 281-776-5300<br>Fax: 432-570-1966 | Professional | | $80,043 |
| 16 | ETC Katy Pipeline Ltd | P.O. Box 951439<br>Dallas, TX 75395-1439<br>Tel: 210-403-7300 | Trade | Contingent | $58,146 |
| 17 | Cravath Swaine & Moore LLP | Nupur Kumar<br>Worldwide Plaza<br>825 Eighth Avenue<br>New York, NY 10019-7475<br>Tel: 212-474-1000<br>Fax: 212-474-3700 | Professional | | $43,571 |
| 18 | Landmark Graphics Corp. | P.O. Box 301341<br>Dallas, TX 75303-1341<br>Tel: 713-839-2000<br>Fax: 713-839-2290 | Trade | | $41,505 |
| 19 | Meridian Compensation Partners LLC | Michael Brittian<br>25676 Network Place<br>Chicago, IL 60673-1256<br>Tel: 847-235-3616<br>Fax: 847-235-3648 | Professional | | $35,424 |
| 20 | Knowledgelake Inc. | Zach Lewis<br>6 City Place Dr<br>Ste 500<br>St Louis, MO 63141<br>Tel: 817-810-0802<br>Fax: 314-898-0501<br>zach.lewis@knowledgelake.com | Trade | | $31,909 |
| 21 | Georges Creek Swd Limited | James Lampley<br>P.O. Box 663<br>Bryan, TX 77806<br>Tel: 979-778-8850 | Trade | | $31,281 |
| 22 | Compliance & Ethics Learning Solutions | David Ojo<br>SAI Global Compliance Inc<br>Forrest Road Office Centre<br>210 Route 4 East, Suite 103<br>Paramus, NJ 07652<br>Tel: 609-955-5100<br>Fax: 609-924-9207 | Trade | | $27,800 |
| 23 | United States Postal Service | P.O. Box 0575<br>Carol Stream, IL 60132-0575<br>Tel: 630-260-5610<br>Fax: 630-260-5170 | Trade | | $10,000 |

| | Name of Creditor | Complete mailing address, and employee, agents, or department familiar with claim | Nature of Claim (Trade Debt, bank loan, government contract, etc.) | Indicate if Claim is Contingent, Disputed, Unliquidated or subject to setoff | Amount of Claim |
|---|---|---|---|---|---|
| 24 | GlobeNewswire | Jennifer Segal<br>Service Account Manager<br>325 Donald Lynch Boulevard, Suite 120<br>Marlborough, MA 01752<br>Tel: 508-804-2136 | Trade | | $8,392 |
| 25 | BMC Software Inc. | Anthony Boyd<br>2202 No. Westshore Blvd. Suite 650<br>Tampa, Florida 33607<br>Tel: 813-227-4500<br>Fax: 813-227-4501 | Trade | | $8,373 |
| 26 | Lee Hecht Harrison LLC | Sharon Melton<br>15301 Dallas Parkway, Ste 225<br>Addison, TX, 75001<br>Tel: 682.518.6754<br>Fax: 201-307-0878<br>sharon.melton@lhh.com | Professional | | $6,930 |
| 27 | Citrix Systems Inc. | P.O. Box 931686<br>Atlanta, GA 31193-1686<br>Tel: 954-267-3000<br>Fax: 954-267-9319 | Trade | | $6,678 |
| 28 | SNI Financial | Beth Ryan<br>14241 Dallas Parkway, Ste 550<br>Dallas, TX 75254<br>Tel: 972-720-1020<br>Fax: 972-720-1023 | Contractor | | $6,610 |
| 29 | Independence Water LP | Blair Viertel<br>13600 Heritage Pkwy, Ste 200<br>Fort Worth, TX 76177<br>Tel: 817-224-6060<br>Fax: 817-224-6000 | Trade | Contingent | $5,000 |
| 30 | Texas Built Plumbing | P.O. Box 80227<br>Keller, TX, 76248<br>Tel: 817-994-1181 | Trade | | $3,976 |

## DECLARATION UNDER PENALTY OF PERJURY

I, the undersigned, declare under penalty of perjury that I have read the foregoing list and it is true and correct to the best of my knowledge, information and belief.

Dated: March 17, 2015

_____
Name:
Title:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Quicksilver Resources Inc., | ) | Case No. 15-_____ (   ) |
|  | ) |  |
| Debtor. | ) | Tax I.D. No. 75-2756163 |
|  | ) |  |

## CONSOLIDATED LIST OF ALL CREDITORS

A list of the above-captioned debtor's (the "Debtor") creditors in accordance with Fed. R. Bankr. P. 1007(a)(1) has been separately transmitted to the Clerk of the Court.

The list has been prepared on a consolidated basis from the books and records of the Debtor and certain of its subsidiaries and affiliates that also commenced Chapter 11 cases in this court (the "Debtors"). The list contains only those creditors whose names and addresses were maintained in the Debtors' databases or were otherwise readily ascertainable by the Debtors prior to the commencement of this case.

Certain of the creditors listed may not hold outstanding claims against the Debtors as of the commencement date and, therefore, may not be creditors for purposes of these cases. By submitting the list, the Debtors in no way waive or prejudice their rights to dispute the extent, validity or enforceability of the claims, if any, held by parties identified therein.

The information presented in the list shall not constitute an admission by, nor is it binding upon, the Debtors.

## DECLARATION UNDER PENALTY OF PERJURY

I, the undersigned, declare under penalty of perjury that I have read the transmitted list and it is true and correct to the best of my knowledge, information and belief.

Dated: March 17, 2015

_____
Name:
Title:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Quicksilver Resources Inc., | ) | Case No. 15-_____ (  ) |
|  | ) |  |
| Debtor. | ) | Tax I.D. No. 75-2756163 |
|  | ) |  |

## <u>STATEMENT OF CORPORATE OWNERSHIP</u>

Following is the list of entities that own ten percent or more of the above-captioned debtor's membership interests.  The list is prepared in accordance with Fed. R. Bankr. P. 1007(a)(1) and Fed. R. Bankr. P. 7007.1 for filing in this Chapter 11 case.

| Holder(s) |
|---|
| Quicksilver Energy, L.P. |

## DECLARATION UNDER PENALTY OF PERJURY

I, the undersigned, declare under penalty of perjury that I have read the foregoing statement and it is true and correct to the best of my knowledge, information and belief.

Dated: March 17, 2015

Name:
Title:

**OFFICER'S CERTIFICATE AS TO RESOLUTIONS**
**ADOPTED BY THE BOARD OF DIRECTORS**
**OF QUICKSILVER RESOURCES INC. AND CERTAIN**
**OF ITS DIRECT AND INDIRECT SUBSIDIARIES**

March 17, 2015

In connection with the resolutions and written consents adopted by the applicable boards of directors, the managing members, and the general partners of each of the following (each, an "***Authorizing Body***"):

> Quicksilver Resources Inc.
> Barnett Shale Operating LLC
> Cowtown Drilling, Inc.
> Cowtown Gas Processing L.P.
> Cowtown Pipeline L.P.
> Cowtown Pipeline Funding, Inc.
> Cowtown Pipeline Management, Inc.
> QPP Holdings LLC
> QPP Parent LLC
> Quicksilver Production Partners GP LLC
> Quicksilver Production Partners LP
> Makarios Resources International Inc.
> Makarios Resources International Holdings LLC
> Silver Stream Pipeline Company LLC

(each such entity, a "***Company***" and, collectively, the "***Companies***"), I, the undersigned, do hereby certify that I am the duly appointed, qualified and acting Secretary of each applicable Authorizing Body and do hereby certify, in my capacity as Secretary and not in any individual capacity, that the boards of directors, the managing members, and the general partners of each of the Companies, as applicable, duly adopted, with respect to Quicksilver Resources Inc., the attached resolutions at a meeting held on March 15, 2015, and, with respect to each other Company, the written consents, dated March 16, 2015, and that such resolutions and written consents have not been repealed or amended and remain in full force and effect as of the date hereof.

Francisco J. Villamar
Secretary

*Chapter 11 Filing*

**WHEREAS**, the Board of Directors (the "***Board***") of Quicksilver Resources Inc. (the "***Company***") has reviewed and considered the materials presented by the Company's management team, including its Strategic Alternatives Officer, and financial and legal advisors, including, but not limited to, the presentation made by Houlihan Lokey ("***Houlihan***"), the financial advisor and investment banker to the Company, and Akin Gump Strauss Hauer & Feld LLP ("***Akin Gump***"), legal counsel to the Company, prior to or on the date hereof regarding, among other things, (i) the liabilities, assets, and liquidity of the Company, (ii) the strategic alternatives available to the Company, (iii) the potential impact (financial and otherwise) of the foregoing on the Company's business; and (iv) the business and prospects of, and alternatives available to, the Company;

**WHEREAS**, in connection with the Board's consideration of the Company's liabilities, assets, liquidity, strategic alternatives and the impact thereof on the Company's business and prospects, and alternatives available to the Company, the Board has reviewed and evaluated each of the potential financing and/or restructuring alternatives available to the Company, including, but not limited to: (i) an equity or debt (including debtor in possession) financing; (ii) a reorganization; (iii) a recapitalization or a refinancing, amendment or exchange of, or tender offer for, the Company's existing indebtedness or any of its capital stock, in each case, whether in-court or out-of court and/or whether pursuant to a pre-negotiated or pre-planned restructuring plan or proposal or otherwise; (iv) a sale of certain assets of the Company; (v) seeking relief under chapter 11 of title 11 of the United States Code (the "***Bankruptcy Code***") and the filing of a voluntary petition pursuant thereto; and (vi) any other strategic alternatives available to the Company (collectively, the "***Restructuring Alternatives***"), which may include, but are not limited to, entering into or otherwise approving one or more agreements to effectuate any of the foregoing Restructuring Alternatives;

**WHEREAS**, the Board has had the opportunity to consult with the Company's management team and financial and legal advisors and fully consider each of the strategic alternatives available to the Company, including, but not limited to, each of the Restructuring Alternatives;

**WHEREAS**, the Board has the power and authority to approve any of the Restructuring Alternatives and any other strategic alternatives available the Company;

**WHEREAS**, as a result of impending debt maturities and potential events of default thereunder, that will result in the Company being unable to continue operating without protection from creditors, it has been determined that the filing of a voluntary petition seeking relief under chapter 11 of the Bankruptcy Code is in the best interests of the Company, its creditors, employees, stockholders and other interested parties;

**NOW, THEREFORE, BE IT RESOLVED**, that upon the recommendation of the legal and financial advisors to the Company and in the business judgment of the Board, it is advisable and in the best interests of the Company and necessary and convenient to the purpose, conduct, promotion, or attainment of the business and affairs of the Company to approve and to file a petition seeking relief under the provisions of the Bankruptcy Code;

**RESOLVED FURTHER**, that the President and Chief Executive Officer, the Chief Financial Officer and the Strategic Alternatives Officer of the Company (each, an "***Authorized Officer***"), acting alone or with one or more other Authorized Officers, with the power of delegation, be, and they hereby are, authorized and empowered on behalf of, and in the name of, the Company to execute, verify, and certify a petition under chapter 11 of the Bankruptcy Code and all other petitions, motions, pleadings, applications, exhibits, schedules, lists, papers, instruments, or documents, and to take any and all actions that they deem necessary or proper to obtain such relief under the provisions of the Bankruptcy Code, including, but not limited to, any action necessary to maintain the ordinary course operation of the Company's businesses, and to cause the same to be filed in the United States Bankruptcy Court for the District of Delaware, at such time as any of the Authorized Officers shall determine;

**RESOLVED FURTHER**, that the Authorized Officers be, and they hereby are, authorized and empowered to employ and engage Houlihan as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations and, in connection therewith, the Authorized Officers, acting alone or with one or more other Authorized Officers, with the power of delegation, be, and they hereby are, authorized and empowered on behalf of, and in the name of, the Company to execute appropriate retention agreements, to pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of Houlihan;

**RESOLVED FURTHER**, that the Authorized Officers be, and they hereby are, authorized and empowered to employ and engage John Little of Deloitte Transactions and Analytics LLP ("***Deloitte***"), who shall continue to serve in his role as strategic alternatives officer for the Company and shall assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations and, in connection therewith, the Authorized Officers, acting alone or with one or more other Authorized Officers, with the power of delegation, be, and they hereby are, authorized and empowered on behalf of, and in the name of, the Company to execute appropriate retention agreements, to pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of Deloitte and Mr. Little;

**RESOLVED FURTHER**, that the Authorized Officers be, and they hereby are, authorized and empowered to employ and engage Akin Gump as legal counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations and, in connection therewith, the Authorized Officers, acting alone or with one or more other Authorized Officers, with the power of delegation, be, and they hereby are, authorized and empowered on behalf of, and in the name of, the Company to execute appropriate retention agreements, to pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of Akin Gump;

**RESOLVED FURTHER**, that the Authorized Officers be, and they hereby are, authorized and empowered to employ and engage Richards Layton & Finger, P.A. as legal co-counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations and, in connection therewith, the Authorized Officers, acting alone or with one or more other Authorized Officers, with the power of delegation, be, and they hereby are, authorized and

empowered on behalf of, and in the name of, the Company to execute appropriate retention agreements, to pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of Richards Layton & Finger, P.A.;

**RESOLVED FURTHER**, that the Authorized Officers be, and they hereby are, authorized and empowered to employ and engage GCG, Inc. ("*GCG*") to provide consulting services to the Company, including, but not limited to, noticing, claims management and reconciliation, plan solicitation, balloting, disbursements, and assisting with the preparation of the Company's schedules of assets and liabilities and a statement of financial affairs, and any other services agreed upon by the parties relating to the Company's duties under the Bankruptcy Code and, in connection therewith, the Authorized Officers, acting alone or with one or more other Authorized Officers, with the power of delegation, be, and they hereby are, authorized and empowered on behalf of, and in the name of, the Company to execute appropriate retention agreements, to pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of GCG;

**RESOLVED FURTHER**, that the Authorized Officers be, and they hereby are, authorized and empowered to employ and engage any other legal counsel, accountants, financial advisors, and other professionals to represent and assist the Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and obligations and, in connection therewith, the Authorized Officers, acting alone or with one or more other Authorized Officers, with the power of delegation, be, and they hereby are, authorized and empowered on behalf of, and in the name of, the Company to execute appropriate retention agreements, to pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of such other legal counsel, accountants, financial advisors, and other professionals;

**RESOLVED FURTHER**, that the Authorized Officers acting alone or with one or more other Authorized Officers, with the power of delegation, be, and they hereby are, authorized, and empowered on behalf of, and in the name of, the Company (i) to take or cause to be taken any and all such further actions and to prepare, execute and deliver or cause to be prepared, executed and delivered and, where necessary or appropriate, to file or cause to be filed with the appropriate governmental authorities, all such other petitions, motions, pleadings, applications, exhibits, schedules, lists, papers, instruments, and documents; (ii) to incur and pay or cause to be paid all fees, expenses, and taxes; and (iii) to engage such persons as such Authorized Officer, in his or her sole discretion, may determine to be necessary or appropriate to carry out fully the intent and purposes of the foregoing resolutions and each of the transactions contemplated thereby, in each case, including any such petitions, motions, pleadings, applications, exhibits, schedules, lists, papers, instruments, and documents contemplated by the foregoing resolutions and each of the transactions contemplated thereby, in each case, such determination to be conclusively established by the taking or causing of any such further actions;

**RESOLVED FURTHER**, that, to the extent the approval of the Company in its capacity as a stockholder, shareholder, trustee, equity holder, managing member, sole member, general partner, limited partner or member of any entity is required for such entity to execute, to deliver and to perform any of its obligations contemplated by these resolutions or the transactions contemplated hereby, the Board hereby so approves and consents thereto;

**RESOLVED FURTHER**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before these resolutions were approved or certified, are hereby in all respects authorized, approved, ratified, confirmed, and adopted as acts of the Company;

**RESOLVED FURTHER**, that the signature of any Authorized Officer on any petition, motion, pleading, application, exhibit, schedule, instrument, document, certificate, agreement or other writing shall constitute conclusive evidence that such Authorized Officer deemed such act or thing to be necessary, advisable or appropriate; and

**RESOLVED FURTHER**, that the secretary, any assistant secretary or any other proper officer of the Company, acting alone or with one or more other Authorized Officers, with the power of delegation, be, and they hereby are, authorized and empowered on behalf of, and in the name of, the Company to certify and to furnish such copies of these resolutions as may be necessary and such statements of incumbency of the officers of the Company as may be requested.