## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Quicksilver Resources Inc., | ) | Case No. 15-_____ (   ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 75-2756163 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Barnett Shale Operating LLC, | ) | Case No. 15-_____ (   ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 45-4110257 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Cowtown Drilling, Inc., | ) | Case No. 15-_____ (   ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 27-0128899 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Cowtown Gas Processing L.P., | ) | Case No. 15-_____ (   ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 20-2391404 | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Cowtown Pipeline Funding, Inc., | ) | Case No. 15-_____ ( ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 42-1639774 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Cowtown Pipeline L.P., | ) | Case No. 15-_____ ( ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 42-1639769 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Cowtown Pipeline Management, Inc., | ) | Case No. 15-_____ ( ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 42-1639771 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Makarios Resources International Holdings LLC, | ) | Case No. 15-_____ ( ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 61-1651765 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Makarios Resources International Inc., | ) | Case No. 15-_____ ( ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 90-0727612 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |

QPP Holdings LLC,       )    Case No. 15-_____ (   )

      Debtor.      )

Tax I.D. No. 45-5510057      )

In re:          )   Chapter 11

QPP Parent LLC,        )   Case No. 15-_____ (   )

      Debtor.      )

Tax I.D. No. 45-5498748      )

In re:          )   Chapter 11

Quicksilver Production Partners GP LLC,  )   Case No. 15-_____ (   )

      Debtor.      )

Tax I.D. No. 45-3982701      )

In re:          )   Chapter 11

Quicksilver Production Partners LP,    )   Case No. 15-_____ (   )

      Debtor.      )

Tax I.D. No. 38-3859129      )

In re:          )   Chapter 11

Silver Stream Pipeline Company LLC,   )   Case No. 15-_____ (   )

      Debtor.      )

Tax I.D. No. 45-4669384      )

3

**DEBTORS' MOTION PURSUANT TO BANKRUPTCY RULE 1015
REQUESTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

The above-captioned debtors and debtors in possession (each a "Debtor" and collectively, the "Debtors")[1] respectfully submit this *Debtors' Motion Pursuant to Bankruptcy Rule 1015 Requesting Joint Administration of Chapter 11 Cases* (the "Motion") seeking entry of an order pursuant to rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") directing joint administration of their respective chapter 11 cases. In support of the Motion, the Debtors represent and set forth as follows:[2]

**PRELIMINARY STATEMENT**

1.      The Debtors are closely related entities, sharing common management and ownership. There is also significant overlap among the various Debtors' creditors. Joint administration will ensure that all parties receive notice of all critical events and is a more efficient and cost-effective use of the Debtors' resources. Joint administration of the Debtors' chapter 11 cases will also avoid the preparation, replication, service, and filing, as applicable, of duplicative notices, applications, and orders in each of the fourteen Debtor cases, thereby saving the Debtors' estates, and the Bankruptcy Court, considerable time and resources.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Quicksilver Resources Inc. [6163]; Barnett Shale Operating LLC [0257]; Cowtown Drilling, Inc. [8899]; Cowtown Gas Processing L.P. [1404]; Cowtown Pipeline Funding, Inc. [9774]; Cowtown Pipeline L.P. [9769]; Cowtown Pipeline Management, Inc. [9771]; Makarios Resources International Holdings LLC [1765]; Makarios Resources International Inc. [7612]; QPP Holdings LLC [0057]; QPP Parent LLC [8748]; Quicksilver Production Partners GP LLC [2701]; Quicksilver Production Partners LP [9129]; and Silver Stream Pipeline Company LLC [9384]. The Debtors' address is 801 Cherry Street, Suite 3700, Unit 19, Fort Worth, Texas 76102.

[2] A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this Motion and the Debtors' restructuring, are set forth in greater detail in the Declaration of Vanessa Gomez LaGatta in Support of First Day Pleadings (the "First Day Declaration"), filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.      Accordingly, the Debtors submit that the relief requested herein is critical to their ability to operate effectively and to preserve the value of their estates throughout these chapter 11 cases, and therefore, is in the best interests of the Debtors, their estates, and their creditors.

## JURISDICTION

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).[3]

4.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      The statutory predicates for the relief requested herein are Bankruptcy Rule 1015 and Local Rule 1015-1.

## BACKGROUND

### A.      General Background

6.      On March 17, 2015 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court.  The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.  No committees have been appointed or designated.

7.      This Motion incorporates by reference the facts set forth in the First Day Declaration as if fully set forth herein.  Additional facts specific to this Motion are set forth below.

---

[3] Under rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors hereby confirm their consent to the entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments in connection therewith consistent with Article III of the United States Constitution.

B.    **Specific Background**

8.    The Debtors are all affiliated as defined in Bankruptcy Code section 101(2).  The organizational structure of the Debtors is as follows:



<u>**RELIEF REQUESTED**</u>

9.    The Debtors seek joint administration of these chapter 11 cases for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

10.    Bankruptcy Rule 1015(b) provides, in relevant part, that if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates."  Fed. R. Bankr. P. 1015(b).  The Debtors are "affiliates" as that term is defined under Bankruptcy Code section 101(2).  Additionally, Local Rule 1015-1 permits a court to enter an order granting joint administration of two or more cases "upon the filing of a motion for joint administration . . . supported by an affidavit, declaration or verification, which establishes that joint administration . . . is warranted and will ease the administrative burden for the Court and the parties."  Del. Bankr. L.R. 1015-1.  Accordingly, this Court is authorized to grant the requested relief under Bankruptcy Rule 1015(b) and Local Rule 1015-1.

11.     Given the provisions of the Bankruptcy Rules and the Local Rules, as well as the Debtors' affiliation, joint administration of these cases is warranted.  Joint administration will avoid the preparation, replication, service, and filing, as applicable, of duplicative notices, applications, and orders in each of the fourteen Debtor cases, thereby saving the Debtors' estates considerable expense and resources.  The relief requested will not adversely affect creditors' rights as this Motion requests only administrative, and not substantive, consolidation of the Debtors' estates.  Moreover, each creditor will still file its claim against a particular estate.  In fact, the reduced costs that will result from the joint administration of these cases will enhance the rights of all creditors.  The relief requested will also relieve the Court of the burden of entering duplicative orders and maintaining duplicative files and dockets, and, similarly, simplify supervision of the administrative aspects of these chapter 11 cases by the United States Trustee for the District of Delaware (the "U.S. Trustee").

12.     Accordingly, the Debtors respectfully request that the Court modify the caption of their cases to reflect the joint administration of these chapter 11 cases as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Quicksilver Resources Inc., et al.,[1] | ) | Case No. 15-_____ (  ) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Quicksilver Resources Inc. [6163]; Barnett Shale Operating LLC [0257]; Cowtown Drilling, Inc. [8899]; Cowtown Gas Processing L.P. [1404]; Cowtown Pipeline Funding, Inc. [9774]; Cowtown Pipeline L.P. [9769]; Cowtown Pipeline Management, Inc. [9771]; Makarios Resources International Holdings LLC [1765]; Makarios Resources International Inc. [7612]; QPP Holdings LLC [0057]; QPP Parent LLC [8748]; Quicksilver Production Partners GP LLC [2701]; Quicksilver Production Partners LP [9129]; and Silver Stream Pipeline Company LLC [9384].  The Debtors' address is 801 Cherry Street, Suite 3700, Unit 19, Fort Worth, Texas 76102.

13.    The Debtors further request that the Court order that the proposed caption satisfies the requirements of Bankruptcy Code section 342(c)(1).

14.    The Debtors also seek the Court's direction that a notation substantially similar to the following notation be entered on the docket of each of the Debtors' cases to reflect the joint administration of these cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Quicksilver Resources Inc.; Barnett Shale Operating LLC; Cowtown Drilling, Inc.; Cowtown Gas Processing L.P.; Cowtown Pipeline Funding, Inc.; Cowtown Pipeline L.P.; Cowtown Pipeline Management, Inc.; Makarios Resources International Holdings LLC; Makarios Resources International Inc.; QPP Holdings LLC; QPP Parent LLC; Quicksilver Production Partners GP LLC; Quicksilver Production Partners LP; and Silver Stream Pipeline Company LLC.  The docket in **Case No. [_____]** should be consulted for all matters affecting this case.

## NOTICE

15.    No trustee, examiner, or creditors' committee has been appointed in the Debtors' chapter 11 cases.  The Debtors have provided notice of this Motion to (a) the Office of the United States Trustee for the District of Delaware, Attn:  Jane Leamy, Esq.; (b) the entities listed on the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (c) counsel to the agents under the Debtors' pre-petition credit facilities; (d) counsel to the Ad Hoc Group of Second Lienholders; (e) counsel to the indenture trustees under the Debtors' pre-petition indentures; (f) the United States Securities and Exchange Commission; (g) the United States Internal Revenue Service; and (h) any parties entitled to notice pursuant to Local Rule 9013-1(m).  In light of the nature of the relief requested in this Motion, the Debtors respectfully submit that no further notice is necessary.

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court (a) enter the proposed order substantially in the form annexed hereto as **Exhibit A** granting the relief requested in the Motion and (b) grant such other and further relief as may be just and proper.

Wilmington, Delaware
Date: March 17, 2015

*/s/ Paul N. Heath*

**RICHARDS, LAYTON & FINGER, P.A**.
Paul N. Heath (DE 3704)
Amanda R. Steele (DE 5530)
Rachel L. Biblo (DE 6012)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701

– and –

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Charles R. Gibbs (*pro hac vice* motion pending)
Sarah Link Schultz (*pro hac vice* motion pending)
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone:  (214) 969-2800
Facsimile:  (214) 969-4343

Ashleigh L. Blaylock (*pro hac vice* motion pending)
Kevin M. Eide (*pro hac vice* motion pending)
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, DC 20036-1564
Telephone:  (202) 887-4000
Facsimile:  (202) 887-4288

**PROPOSED COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSION**

## Exhibit A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Quicksilver Resources Inc., | ) | Case No. 15-_____ (  ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 75-2756163 | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Barnett Shale Operating LLC, | ) | Case No. 15-_____ (  ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 45-4110257 | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Cowtown Drilling, Inc., | ) | Case No. 15-_____ (  ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 27-0128899 | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Cowtown Gas Processing L.P., | ) | Case No. 15-_____ (  ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 20-2391404 | ) | |
| | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Cowtown Pipeline Funding, Inc., | ) | Case No. 15-_____ (   ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 42-1639774 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Cowtown Pipeline L.P., | ) | Case No. 15-_____ (   ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 42-1639769 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Cowtown Pipeline Management, Inc., | ) | Case No. 15-_____ (   ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 42-1639771 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Makarios Resources International Holdings LLC, | ) | Case No. 15-_____ (   ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 61-1651765 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Makarios Resources International Inc., | ) | Case No. 15-_____ (   ) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 90-0727612 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |

2

|  |  |
|---|---|
| QPP Holdings LLC, | ) )  Case No. 15-_____ (  ) |
| Debtor. | ) ) |
| Tax I.D. No. 45-5510057 | ) ) |
| In re: | ) )  Chapter 11 |
| QPP Parent LLC, | ) )  Case No. 15-_____ (  ) |
| Debtor. | ) ) |
| Tax I.D. No. 45-5498748 | ) ) |
| In re: | ) )  Chapter 11 |
| Quicksilver Production Partners GP LLC, | ) )  Case No. 15-_____ (  ) |
| Debtor. | ) ) |
| Tax I.D. No. 45-3982701 | ) ) |
| In re: | ) )  Chapter 11 |
| Quicksilver Production Partners LP, | ) )  Case No. 15-_____ (  ) |
| Debtor. | ) ) |
| Tax I.D. No. 38-3859129 | ) ) |
| In re: | ) )  Chapter 11 |
| Silver Stream Pipeline Company LLC, | ) )  Case No. 15-_____ (  ) |
| Debtor. | ) ) |
| Tax I.D. No. 45-4669384 | ) ) |

3

## ORDER PURSUANT TO BANKRUPTCY RULE 1015
## GRANTING JOINT ADMINISTRATION OF CHAPTER 11 CASES

Upon the Motion[1] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of this Order pursuant to Bankruptcy Rules 1015 and Local Rule 1015-1, all as further described in the Motion; the Court having jurisdiction to consider this Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding in accordance with 28 U.S.C. § 157(b)(2); venue being proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; a hearing having been held to consider the relief requested in the Motion; upon the First Day Declaration, the record of the hearing and all proceedings had before the Court; the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors and other parties in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1.      The Motion is granted to the extent provided herein.

2.      The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court in accordance with the provisions of Bankruptcy Rule 1015 and Local Rule 1015-1.

3.      Nothing contained in this Order shall be deemed or construed as directing or otherwise effecting the substantive consolidation of any of the chapter 11 cases.

---

[1] Capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the Motion.

4.      The Clerk of Court shall maintain one file and one docket for the Debtors' chapter 11 cases, and which file and docket shall be the file and docket for the chapter 11 case of Debtor Quicksilver Resources Inc., et al., **Case No. 15- [_____].**

5.      The caption of the jointly administered cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Quicksilver Resources Inc., <u>et al.</u>,[1] | ) | Case No. 15-_____ (   ) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  Quicksilver Resources Inc. [6163]; Barnett Shale Operating LLC [0257]; Cowtown Drilling, Inc. [8899]; Cowtown Gas Processing L.P. [1404]; Cowtown Pipeline Funding, Inc. [9774]; Cowtown Pipeline L.P. [9769]; Cowtown Pipeline Management, Inc. [9771]; Makarios Resources International Holdings LLC [1765]; Makarios Resources International Inc. [7612]; QPP Holdings LLC [0057]; QPP Parent LLC [8748]; Quicksilver Production Partners GP LLC [2701]; Quicksilver Production Partners LP [9129]; and Silver Stream Pipeline Company LLC [9384].  The Debtors' address is 801 Cherry Street, Suite 3700, Unit 19, Fort Worth, Texas 76102.

6.      The caption satisfies the requirements of Bankruptcy Code section 342(c)(1).

7.      A docket entry shall be made in each of the Debtors' chapter 11 cases substantially as follows:

An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Quicksilver Resources Inc.; Barnett Shale Operating LLC; Cowtown Drilling, Inc.; Cowtown Gas Processing L.P.; Cowtown Pipeline Funding, Inc.; Cowtown Pipeline L.P.; Cowtown Pipeline Management, Inc.; Makarios Resources International Holdings LLC; Makarios Resources International Inc.; QPP Holdings LLC; QPP Parent LLC; Quicksilver Production Partners GP LLC; Quicksilver Production Partners LP; and Silver Stream Pipeline Company LLC.  The docket in **Case No. [_____]** should be consulted for all matters affecting this case.

8.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

9.      All time periods referenced in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

10.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion.

11.      Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, this Order shall be immediately effective and enforceable upon its entry.

12.      The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.


Wilmington, Delaware

Date: _____, 2015                    _____
                                            United States Bankruptcy Judge