**<u>Exhibit F</u>**

**Assumption and Assignment Notice**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| Quicksilver Resources Inc., <u>et al.</u>,[1] | ) ) ) | Case No. 15-10585 (LSS) |
| Debtors. | ) ) ) | Jointly Administered |

**NOTICE OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES
THAT MAY BE ASSUMED AND ASSIGNED IN CONNECTION
WITH THE SALE OF THE DEBTORS'
ASSETS AND THE PROPOSED CURE COST WITH RESPECT THERETO**

> **YOU ARE RECEIVING THIS NOTICE OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES THAT MAY BE ASSUMED AND ASSIGNED IN CONNECTION WITH THE SALE OF THE DEBTORS' ASSETS AND THE PROPOSED CURE AMOUNT WITH RESPECT THERETO (THE "<u>NOTICE OF ASSUMPTION AND ASSIGNMENT</u>") BECAUSE YOU MAY BE A COUNTERPARTY TO AN EXECUTORY CONTRACT OR UNEXPIRED LEASE WITH QUICKSILVER OR ONE OR MORE OF ITS AFFILIATED DEBTORS (COLLECTIVELY, THE "<u>DEBTORS</u>"). PLEASE READ THIS NOTICE CAREFULLY AS YOUR RIGHTS MAY BE AFFECTED BY THE TRANSACTIONS DESCRIBED HEREIN.**

PLEASE TAKE NOTICE that on September 17, 2015, the Debtors filed a motion (the "<u>Motion</u>")[2] with the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") seeking, among other things, entry of an order (the "<u>Bidding Procedures Order</u>"): (i) approving proposed bidding procedures (the "<u>Bidding Procedures</u>") by which the Debtors will solicit and select the highest or otherwise best offer for the sale of substantially all or a portion of their assets (the "<u>Assets</u>") through one or more sales of the Assets (each, a "<u>Sale Transaction</u>" or "<u>Sale</u>"); (ii) establishing procedures for the assumption and assignment of executory contracts and unexpired leases, including notice of proposed cure amounts (the "<u>Assumption and Assignment Procedures</u>"); (iii) approving the form and manner of notice with respect to certain procedures, protections, schedules, and agreements described herein and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Quicksilver Resources Inc. ("<u>Quicksilver</u>") [6163]; Barnett Shale Operating LLC [0257]; Cowtown Drilling, Inc. [8899]; Cowtown Gas Processing L.P. [1404]; Cowtown Pipeline Funding, Inc. [9774]; Cowtown Pipeline L.P. [9769]; Cowtown Pipeline Management, Inc. [9771]; Makarios Resources International Holdings LLC [1765]; Makarios Resources International Inc. [7612]; QPP Holdings LLC [0057]; QPP Parent LLC [8748]; Quicksilver Production Partners GP LLC [2701]; Quicksilver Production Partners LP [9129]; and Silver Stream Pipeline Company LLC [9384]. The Debtors' address is 801 Cherry Street, Suite 3700, Unit 19, Fort Worth, Texas 76102.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

attached hereto; (iv) scheduling (a) a hearing (the "Stalking Horse Hearing"), on expedited notice, to approve the Debtors' selection of one or more stalking horse bidders (each a "Stalking Horse Bidder"), if any, and the provision of Bid Protections (as defined below) to any such Stalking Horse Bidder, if necessary; (b) an auction (the "Auction") if the Debtors receive one or more timely and acceptable Qualified Bids (as defined below); and (c) a final hearing (the "Sale Hearing") to approve one or more Sales of the Assets; and (v) granting related relief.

PLEASE TAKE FURTHER NOTICE that on October [__], 2015, the Bankruptcy Court entered the Bidding Procedures Order [D.I. __].

PLEASE TAKE FURTHER NOTICE that the Bidding Procedures Order, among other things, established procedures for the assumption and assignment of certain executory contracts and unexpired leases that the Debtors believe they might seek to assume and assign in connection with a Sale Transaction (collectively, the "Designated Contracts") to a purchaser and the determination of related Cure Costs (as defined below). The Debtors are parties to numerous Designated Contracts and, in accordance with the Bidding Procedures Order, hereby file this notice identifying (i) the Designated Contracts, which may be assumed and assigned to a Stalking Horse Bidder, if any, or such other Successful Bidder in connection with the Sale Transaction(s) and (ii) the proposed amounts, if any, the Debtors believe are owed to the counterparty to the Designated Contract to cure any defaults or arrears existing under the Designated Contract (the "Cure Costs"), both as set forth on **Exhibit 1** attached hereto. Other than the Cure Costs listed on Exhibit 1, the Debtors are not aware of any amounts due and owing under the Designated Contracts listed therein.

PLEASE TAKE FURTHER NOTICE that the hearing to approve the sale of the Assets (the "Sale Hearing") will be held before the Honorable Laurie Selber Silverstein, United States Bankruptcy Judge for the District of Delaware, 824 North Market Street, 6th Floor, Courtroom 2, Wilmington, Delaware 19801 on **December 14, 2015 at 10:00 a.m. (prevailing Eastern Time)**.

PLEASE TAKE FURTHER NOTICE that the listing of a Designated Contract on Exhibit 1 does not constitute an admission that the Designated Contract is an executory contract or unexpired lease as contemplated by Bankruptcy Code section 365(a) or that the Debtors have any liability thereunder, and the Debtors expressly reserve all of their rights, claims, causes of action, and defenses with respect to the Designated Contracts listed on **Exhibit 1**.

PLEASE TAKE FURTHER NOTICE that a counterparty to a Designated Contract listed on this Notice of Assumption and Assignment may file an objection (a "Designated Contract Objection") only if such objection is to the proposed assumption and assignment of the applicable Designated Contract or the proposed Cure Costs, if any. All Designated Contract Objections must (1) state, with specificity, the legal and factual basis for the objection as well as what Cure Costs are required, if any, (2) include appropriate documentation in support thereof, and (3) be filed and served on the Objection Recipients no later than **4:00 p.m. (prevailing Eastern Time) fourteen (14) days following the Assumption and Assignment Service Date** (the "Assignment and Assumption Objection Deadline").

PLEASE TAKE FURTHER NOTICE that the Objection Recipients are: (i) the Debtors, Quicksilver Resources Inc., 801 Cherry St., Suite 3700, Unit 19, Fort Worth, TX 76102, Attn:

2

Vanessa Gomez LaGatta, CFO; (ii) co-counsel for the Debtors, Akin Gump Strauss Hauer & Feld LLP, 1700 Pacific Avenue, Suite 4100, Dallas, TX 75201, Attn: Sarah Link Schultz, Esq. and Ashleigh L. Blaylock, Esq.; (iii) co-counsel for the Debtors, Richards, Layton & Finger, P.A., One Rodney Square, 920 North King Street, Wilmington, DE 19801, Attn: Paul N. Heath, Esq. and Amanda R. Steele, Esq.; (iv) co-counsel for the Committee, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019, Attn: Andrew N. Rosenberg, Esq. and Elizabeth McColm, Esq.; (v) co-counsel for the Committee, Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, DE 19801, Attn: Richard S. Cobb, Esq. and Matthew McGuire, Esq.; (vi) counsel for the First Lien Agent, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, NY 10017, Attn: Steven M. Fuhrman, Esq.; (vii) counsel for the Second Lien Agent, Latham & Watkins LLP, 885 Third Avenue, Suite 1000, New York, NY 10022, Attn: Mitchell A. Seider, Esq. and David Hammerman, Esq.; (viii) counsel for the Second Lien Indenture Trustee, Emmet, Marvin & Martin LLP, 120 Broadway, 32nd Floor, New York, NY 10271, Attn: Edward P. Zujkowski, Esq. and Thomas Pitta, Esq.; (ix) counsel for the Ad Hoc Group of Second Lienholders, Milbank, Tweed, Hadley & McCloy LLP, 28 Liberty Street, New York, NY 10005, Attn: Dennis F. Dunne, Esq. and Samuel A. Khalil, Esq.; (x) the U.S. Trustee, 844 King Street, Suite 2207, Wilmington, DE 19801, Attn. Jane Leamy, Esq.; (xi) if applicable, counsel to any Stalking Horse Bidder(s); (xii) entities on the Rule 2002 Notice List.

**PLEASE TAKE FURTHER NOTICE THAT IF A COUNTERPARTY TO A DESIGNATED CONTRACT FILES A DESIGNATED CONTRACT OBJECTION IN A MANNER THAT IS CONSISTENT WITH THE REQUIREMENTS SET FORTH ABOVE, AND THE PARTIES ARE UNABLE TO CONSENSUALLY RESOLVE THE DISPUTE PRIOR TO THE SALE HEARING, THE AMOUNT TO BE PAID OR RESERVED WITH RESPECT TO SUCH OBJECTION WILL BE DETERMINED AT THE SALE HEARING, SUCH LATER HEARING DATE THAT THE DEBTORS DETERMINE IN THEIR DISCRETION, OR SUCH OTHER DATE DETERMINED BY THIS COURT. ALL OTHER OBJECTIONS TO THE PROPOSED ASSUMPTION AND ASSIGNMENT OF THE DEBTORS' RIGHT, TITLE, AND INTEREST IN, TO, AND UNDER THE DESIGNATED CONTRACTS WILL BE HEARD AT THE SALE HEARING.**

PLEASE TAKE FURTHER NOTICE that if the counterparty to a Designated Contract does not timely file and serve a Designated Contract Objection that is consistent with the requirements set forth above by the Assignment and Assumption Objection Deadline, such counterparty will be deemed to have consented to the assumption and assignment of the Designated Contract to a Successful Bidder, notwithstanding any anti-alienation provision or other restriction on assumption or assignment in the Designated Contract, and shall be forever barred from asserting any objection with regard to such assumption and assignment and/or Cure Costs set forth in Exhibit 1, except with respect to the adequate assurance of future performance by the Successful Bidder(s). Any objections to any Stalking Horse Bidder or Successful Bidder's proposed form of adequate assurance of future performance must be raised at the Sale Hearing or Supplemental Designated Contract Hearing, as applicable, and will be resolved at the hearing at which it is raised or, in the Debtors' discretion, adjourned to a later hearing.

PLEASE TAKE FURTHER NOTICE that although the Debtors have made a good faith effort to identify all Designated Contracts that might be assumed and assigned in connection with a Sale Transaction, the Debtors may discover certain contracts inadvertently omitted from the Designated Contracts list or Successful Bidder(s) may identify other executory contracts or unexpired leases that they desire to assume and assign in connection with the Sale.  Accordingly, the Debtors have reserved the right, at any time after the Assumption and Assignment Service Date and before the closing of a Sale Transaction, to (i) supplement the list of Designated Contracts on this Notice of Assumption and Assignment with previously omitted Designated Contracts in accordance with the definitive agreement for a Sale Transaction, (ii) remove a Designated Contract from the list of contracts ultimately selected as a Designated Contract that a Successful Bidder proposes be assumed and assigned to it in connection with a Sale Transaction, and/or (iii) modify the previously stated Cure Cost associated with any Designated Contract.

PLEASE TAKE FURTHER NOTICE that in the event that the Debtors exercise any of the rights reserved above, the Debtors will promptly serve a supplemental notice of assumption and assignment (a "Supplemental Notice of Assumption and Assignment") by electronic transmission, hand delivery, or overnight mail on the counterparty (and its attorney, if known) to each impacted Designated Contract at the last known address available to the Debtors.

PLEASE TAKE FURTHER NOTICE that this Notice of Assumption and Assignment is subject to the terms and conditions of the Motion and the Bidding Procedures Order, with such Bidding Procedures Order controlling in the event of any conflict, and the Debtors encourage parties-in-interest to review such documents in their entirety.  Parties with questions regarding the Assumption and Assignment Procedures contained herein should contact the Debtors' counsel at the contact information provided below.

PLEASE TAKE FURTHER NOTICE that the inclusion of a Designated Contract on this Notice of Assumption and Assignment (or Supplemental Notice of Assumption and Assignment) will not obligate the Debtors to assume any Designated Contract listed thereon or the Successful Bidder(s) to take assignment of such Designated Contract.  Only those Designated Contracts that are included on a schedule of assumed and assigned executory contracts and unexpired leases attached to the final Purchase Agreement with the Successful Bidder(s) (each, an "Acquired Contract") will be assumed and assigned to the Successful Bidder(s).

(Remainder of page intentionally left blank)

Wilmington, Delaware
Date: November [__], 2015

/s/ _____

**RICHARDS, LAYTON & FINGER, P.A.**
Paul N. Heath (DE 3704)
Amanda R. Steele (DE 5530)
Rachel L. Biblo (DE 6012)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone:  (302) 651-7700
Facsimile:  (302) 651-7701

– and –

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Charles R. Gibbs (admitted *pro hac vice*)
Sarah Link Schultz (admitted *pro hac vice*)
Travis A. McRoberts (DE 5274)
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone:  (214) 969-2800
Facsimile:  (214) 969-4343

Ashleigh L. Blaylock (admitted *pro hac vice*)
Robert S. Strauss Building
1333 New Hampshire Avenue, N.W.
Washington, DC 20036-1564
Telephone:  (202) 887-4000
Facsimile:  (202) 887-4288

**COUNSEL FOR DEBTORS AND DEBTORS IN POSSESSION**